UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| THE MOUNTAIN CLUB OWNER'S ASSOCIATION, | CIV. NO. 2:13-1835 WBS KJN |
|---|---|
| Plaintiff, | MEMORANDUM & ORDER RE: MOTION TO DISMISS |
| v. | |
| GRAYBAR ELECTRIC COMPANY, INC., | |
| Defendant. | |

----oo0oo----

Plaintiff The Mountain Club Owner's Association brought this action against defendant Graybar Electric Company, Inc., arising out of an electrical fire at plaintiff's property located at 1399 Kirkwood Meadows Drive in Kirkwood, California. Plaintiff brings a claim for strict products liability and a claim for negligence, both of which are premised on the allegation that "the defective cable supplied by Defendant Graybar caused a fire." (Compl. ¶ 9 (Docket No. 2).) Defendant now moves to dismiss the complaint pursuant to Federal Rule of

1

1  Civil Procedure 12(b)(6) for failure to state a claim upon which
2  relief may be granted or, alternatively, for a more definite
3  statement pursuant to Rule 12(e).  (Docket No. 8.)
4         On a motion to dismiss under Rule 12(b)(6), the court
5  must accept the allegations in the complaint as true and draw all
6  reasonable inferences in favor of the plaintiff.  Scheuer v.
7  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by
8  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S.
9  319, 322 (1972).  To survive a motion to dismiss, a plaintiff
10 must plead "only enough facts to state a claim to relief that is
11 plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.
12 544, 570 (2007).  This "plausibility standard," however, "asks
13 for more than a sheer possibility that a defendant has acted
14 unlawfully," and where a complaint pleads facts that are "merely
15 consistent with a defendant's liability," it "stops short of the
16 line between possibility and plausibility."  Ashcroft v. Iqbal,
17 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).
18        "While a complaint attacked by a Rule 12(b)(6) motion
19 to dismiss does not need detailed factual allegations, a
20 plaintiff's obligation to provide the 'grounds' of his
21 entitle[ment] to relief' requires more than labels and
22 conclusions . . . ."  Twombly, 550 U.S. at 555 (alteration in
23 original) (citations omitted).  "Threadbare recitals of the
24 elements of a cause of action, supported by mere conclusory
25 statements, do not suffice."  Iqbal, 556 U.S. at 678; see also
26 Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the
27 framework of a complaint, they must be supported by factual
28 allegations.").

2

I.   <u>Strict Products Liability</u>

"California recognizes strict liability for three types of product defects -- manufacturing defects, design defects, and warning defects (inadequate warnings or failure to warn)." <u>Lucas v. City of Visalia</u>, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010) (Ishii, J.) (citing <u>Anderson v. Owens-Corning Fiberglass Co.</u>, 53 Cal. 3d 987, 995 (1991); <u>Karlsson v. Ford Motor Co.</u>, 140 Cal. App. 4th 1202, 1208 (2d Dist. 2006)). Plaintiff's strict products liability claim alleges that defendant either "manufactured" and/or "designed" the allegedly defective cable. (Compl. ¶¶ 13-14.)

To state a manufacturing defect claim, a plaintiff must "<u>identify</u> [or] <u>explain</u> <u>how</u> the [product] either deviated from [defendant's] intended result [or] design or <u>how</u> the [product] deviated from other seemingly identical . . . models." <u>Lucas</u>, 726 F. Supp. 2d at 1155 (alterations in original). To state a design defect claim, a plaintiff must either "<u>describe</u> <u>how</u> the [product] failed to meet the minimum safety expectations of an ordinary consumer" or "allege that the risks of the design outweigh the benefits, and then '<u>explain</u> <u>how</u> the particular design of the [product] caused [plaintiff] harm." <u>Id.</u> (citations omitted) (alterations in original). Under either theory, a "bare allegation" that the cable had a manufacturing and/or design defect "is an insufficient legal conclusion." <u>Id.</u>

Here, plaintiff's three-and-a-half page complaint simply asserts that the cable that allegedly caused the fire is "defective and unreasonably dangerous." (Compl. ¶ 13.) It does not identify the particular type of cable or the alleged defect,

3

1 | let alone explain how the cable was defective or how that defect
2 | resulted in a fire on plaintiff's property.  Plaintiff's failure
3 | to identify the alleged defect in the electrical cable is fatal
4 | to its strict liability claim.  See, e.g., Markel Am. Ins. Co. v.
5 | Pac. Asian Enters., No. C-07-5749 SC, 2008 WL 2951277, at *6
6 | (N.D. Cal. Jul. 28, 2008) (dismissing a strict products liability
7 | claim arising out of an electrical fire because the complaint
8 | "did not identify which product or products are alleged to have
9 | been defective [or] what the defect is"); Altman v. HO Sports
10 | Co., CIV. NO. 1:09-1000 AWI SMS, 2009 WL 4163512, at *8 (E.D.
11 | Cal. Nov. 23, 2009) (dismissing a products liability claim
12 | because plaintiff failed to "identif[y] what aspect of the
13 | [products] makes their design . . . defective").
14 |         Even if plaintiff were correct that its allegations
15 | were sufficient to satisfy the liberal notice pleading standard
16 | set forth by Conley v. Gibson, 455 U.S. 41 (1957), that standard
17 | is no longer the law.  See Twombly, 550 U.S. at 563 (holding that
18 | Conley's notice pleading standard does not define "the minimum
19 | standard of adequate pleading to govern a complaint's survival").
20 | As a number of post-Twombly cases make clear, a complaint that
21 | "simply tracks the general elements of strict products liability
22 | and contains no pertinent factual allegations" cannot survive a
23 | motion to dismiss.  Lucas, 726 F. Supp. 2d at 1155.
24 |         Nor is plaintiff correct that defendant should "seek
25 | additional information . . . through the discovery process" in
26 | lieu of bringing this motion to dismiss.  (Pl.'s Opp'n to Def.'s
27 | Mot. to Dismiss at 4:17-18 (Docket No. 16).)  On the contrary,
28 | the Ninth Circuit has emphasized that Twombly's pleading

standards serve to protect defendants from being "subjected to the expense of discovery and continued litigation" absent "factual allegations that . . . plausibly suggest an entitlement to relief." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Accordingly, because plaintiff has not pled sufficient facts to state a plausible claim for relief, the court must grant defendant's motion to dismiss plaintiff's strict products liability claim.

II. Negligence

Plaintiff also alleges that defendant negligently "manufactur[ed], design[ed], distribut[ed], suppl[ied], and/or s[old] electric cables that were defective, and . . . fail[ed] to warn Plaintiff of such defect." (Compl. ¶ 22.) Under a negligent design or manufacture theory, a plaintiff must allege, at a minimum, that a defect in the product caused the plaintiff's injury and that "the defect in the product was due to the negligence of the defendant." Merrill v. Navegar, Inc., 26 Cal. 4th 465, 479 (2001) (citations omitted). "A bare allegation that defendants were negligent in their design is an insufficient legal conclusion." Fontalvo v. Sikorsky Aircraft Corp., CIV. NO. 13-331 GPC KSC, 2013 WL 4401437, at *5 (S.D. Cal. Aug. 15, 2013).

Under a negligent failure-to-warn theory, a plaintiff must allege "that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care . . . ." Carlin v. Superior Court, 13 Cal. 4th 1104, 1112 (1996). "To state a plausible claim for failure to warn, a complaint should at least identify which danger was not warned against, that the danger was substantial, that the danger

1   was not readily recognizable to an ordinary consumer, that the
2   manufacturer knew or should have reasonably known of the danger,
3   and causation." Altman, 2009 WL 4163512, at *9 (citations
4   omitted).
5           Like its strict liability claim, plaintiff's negligence
6   claim cannot survive a motion to dismiss because plaintiff has
7   not identified any defect in the electric cable, let alone
8   explained how its manufacture, design, and/or failure to warn of
9   the cable's alleged defects breached the applicable standard of
10  care. See, e.g., id. (dismissing a negligent failure-to-warn
11  claim because the complaint did "not identify which specific
12  danger [defendant] should have been warning against"); Fontalvo,
13  2013 WL 4401437, at *5 (dismissing a negligent manufacturing
14  claim because the "[p]laintiff fails to plead any facts
15  suggesting how . . . any of the defendants negligently designed
16  or manufactured the product"). Accordingly, the court must grant
17  defendant's motion to dismiss plaintiff's negligence claim.
18          IT IS THEREFORE ORDERED that defendant's motion to
19  dismiss the Complaint be, and the same hereby is, GRANTED.
20          Plaintiff has twenty days from the date this Order is
21  signed to file an amended complaint, if it can do so consistent
22  with this Order.
23  Dated:  January 13, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6