UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE MOUNTAIN CLUB OWNER'S ASSOCIATION,<br><br>            Plaintiff,<br><br>    v.<br><br>GRAYBAR ELECTRIC COMPANY, INC., and DOES 1-50,<br><br>            Defendants. | CIV. NO. 2:13-1835 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff The Mountain Club Owner's Association brought this action against defendant Graybar Electric Company, Inc., arising out of an electrical fire at plaintiff's property located in Kirkwood, California.  Defendant now moves to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.  Factual & Procedural History

Plaintiff is a homeowners' association and the owner of

1

property located at 1399 Kirkwood Meadows Drive in Kirkwood, California ("the property").  (FAC ¶ 1 (Docket No. 26).) Defendant allegedly supplied electric cable to a subcontractor who installed it during the construction of the property.  (Id. ¶ 8-10.)  On May 23, 2011, wires within the cable allegedly formed an electric arc. (Id. ¶ 12.)  Due to a lack of sufficient insulation, the electric arc allegedly came into contact with the wood frame of the property and set it ablaze.  (Id.)  This fire allegedly caused over six million dollars in damage to the property. (Id. ¶ 13.)

On September 5, 2013, plaintiff brought this action against defendant and asserted claims under California law for strict products liability and negligence.  (Docket No. 2.)  The court granted defendant's motion to dismiss on January 14, 2014, (Docket No. 23), and plaintiff timely amended its Complaint, (Docket No. 26). Defendant now moves to dismiss the FAC pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Docket No. 28.)

II.  Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks

for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions . . . ." Twombly, 550 U.S. at 555 (alteration in original) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

A.   Strict Products Liability

Plaintiff's strict products liability claim is predicated on the allegation that "[t]he subject cable was defectively manufactured and unreasonably dangerous." (FAC ¶ 18.) In order to state a manufacturing defect claim, a plaintiff must "identify [and] explain how the [product] either deviated from [the manufacturer's] intended result [or] design or how the [product] deviated from other seemingly identical . . . models." Lucas v. City of Visalia, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010) (Ishii, J.) (citing Barker v. Lull Eng'g Co., 20 Cal. 3d 413, 429 (1978)).

In its previous Order, the court granted defendant's

motion to dismiss because plaintiff's original Complaint failed to "identify the particular type of cable or the alleged defect, let alone explain how the cable was defective or how that defect resulted in a fire on plaintiff's property."  (Docket No. 23 at 3-4.)  Plaintiff subsequently amended its complaint to allege that the cable was defective and unreasonably dangerous because it "lacked sufficient insulation on the electrical wiring."  (FAC ¶ 18.)

Despite defendant's insistence to the contrary, neither the court's previous Order nor the cases defendant cites require plaintiff to identify the cable's "brand name, trade name, manufacturer's name, model number, manufacturing date, function, appearance, [or] color."  (Def.'s Mem. at 7 (Docket No. 28).) Two of the cases cited by defendant involved manufacturing defect claims alleging injuries based on an unidentified component part. See Markel Am. Ins. Co. v. Pac. Asian Enters., Civ. No. 07-5749 SC, 2008 WL 2951277, at *6 (N.D. Cal. July 28, 2008) (dismissing a products liability complaint alleging only that "the Vessel and certain components thereof were defective, deficient, and/or otherwise not fit for the purpose intended"); Fontalvo v. Sikorsky Aircraft Corp., Civ. No. 13-331 GPS KSC, 2013 WL 440137, at *3-4 (S.D. Cal. Aug. 15, 2013) (dismissing a strict product liability claim where plaintiff failed to identify which component part allegedly caused a helicopter to crash).  A third case, Smith v. Adobe Systems, Inc., is also inapposite; the plaintiff in that case alleged a design defect, rather than a manufacturing defect, and failed to identify which of Adobe's many software programs resulted in her computer being hacked.

4

1  See Civ. No. 11-1480, 2011 WL 4404152, at *2 (N.D. Cal. Sept. 21,
2  2011).
3       Here, by contrast, plaintiff has identified the
4  location and function of the cable, the subcontractor who
5  installed it, and the particular defect in the construction of
6  the cable that allegedly caused the electrical fire.  (See FAC ¶
7  12.)  It is immaterial that plaintiff has not identified the
8  manufacturer of the cable or specific defects in the
9  manufacturing process.  Currier v. Stryker Co., Civ. No. 2:11 JAM
10 EFB, 2012 WL 1037940 (E.D. Cal. Mar. 27, 2012), is illustrative.
11 There, the plaintiff alleged that he received a prosthetic femur
12 manufactured by the defendant, and that the prosthesis he
13 received was defective because it contained a weak spot at the
14 site where it broke.  See id. at *1.  The court held that the
15 plaintiff had stated a manufacturing defect claim because he
16 identified a "manufacturing flaw that caused [the prosthesis] to
17 have a weak spot and suddenly break."  Id. at *3.  The court
18 specifically rejected the suggestion that the plaintiff must
19 "offer an extensive explanation of the manufacturing process" or
20 how that process resulted in a defective prosthesis; as the court
21 noted, that "level of detail is not necessary at this stage of
22 the pleadings."  Id.
23      As in Currier, plaintiff has identified a specific
24 defect in the manufacture of the electric cable--insufficient
25 insulation--and alleged that this defect exposed the copper
26 wiring, resulted in an electric arc, and set a nearby wood frame
27 ablaze.  (FAC ¶¶ 12, 18.)  Manufacturers of electric cables
28 presumably design those cables so that they do not ignite nearby

wooden structures.  The suggestion that plaintiff "cannot plausibly claim that the cable deviated from its intended design," (Def.'s Mem. at 7), is absurd, especially given that the parties have not yet had the opportunity to conduct discovery. Cf. Currier, 2012 WL 1037940 at *3.

In short, plaintiff has identified the alleged defect in the cable with a sufficient degree of specificity to allege that the cable deviated from the manufacturer's intended result. See Lucas, 726 F. Supp. 2d at 1155.  Accordingly, the court must deny defendant's motion to dismiss this claim.

B.  Negligence

A plaintiff injured by an allegedly defective product may also seek to recover in negligence.  See Merrill v. Navegar, Inc., 26 Cal. 4th 465, 479 (2001).  "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages."  Illeto v. Glock, Inc., 349 F.3d 1191, 1203 9th (Cir. 2003) (citing Martinez v. Pac. Bell, 225 Cal. App. 3d 1557 (1st Dist. 1990)).

At oral argument, plaintiff clarified that its negligence claim was premised solely on a theory of negligent failure to warn.[1]  Under California law, distributors of a

---

[1] Even if the court determined that plaintiff also attempted to allege a negligent distribution theory, plaintiff has not stated a claim under that theory.  Under a negligent distribution theory, a distributor owes a duty of care to its customers only if it "knows or has reason to know that the product might be dangerous."  In re Mattel, Inc., 588 F. Supp. 2d 111, 1118 (C.D. Cal. 2008); see also Restatement of Torts (2d) § 402 ("A seller of a chattel manufactured by a third person, who neither knows nor has reason to know that it is likely to be,

6

1  product do not have an absolute duty to warn of defects in that
2  product; rather, they have a duty to warn only of risks that a
3  reasonably prudent distributor knew or should have known about.
4  Carlin v. Superior Court, 13 Cal. 4th 1104, 1113 (1996).
5          Here, while plaintiff has sufficiently alleged that the
6  cable defendant distributed was defective, it has not alleged
7  that defendant knew or should have known that the cable lacked
8  sufficient insulation or was otherwise defective and has not
9  alleged any facts that permit such an inference.  Even if
10 plaintiff's failure to allege defendant's knowledge of the
11 alleged defect is immaterial under a strict liability theory,
12 that failure is fatal to its claim for negligence.  See id. at
13 1112 (holding that absent allegations that a reasonable
14 distributor would know of the alleged defect, a distributor will
15 "escape liability under negligence principles").  Accordingly,
16 the court must grant defendant's motion to dismiss plaintiff's
17 negligence claim.
18         IT IS THEREFORE ORDERED that defendant's motion to
19 dismiss is GRANTED with respect to plaintiff's negligence claim
20 and DENIED with respect to plaintiff's strict products liability
21 claim.
22         Plaintiff has twenty days from the date this Order is
23 signed to file an amended complaint, if it can do so consistent
24 with this Order.

---

dangerous, is not liable in . . . negligence . . . because of his failure to discover the danger by an inspection or test of the chattel before distributing it."  Because plaintiff has not alleged any facts suggesting that defendant knew or should have known of the allegedly deficient insulation, it has not stated a claim for negligent distribution.

7

Dated: March 25, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE