Michael B. Brown (SB #179222)
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: (916) 447-0700
Facsimile: (916) 447-4781
Email: mbbrown@stoel.com

Thomas P. Berra, Jr. (*pro hac vice*)
Edward T. Pivin (*pro hac vice*)
LEWIS RICE & FINGERSH, L.C.
600 Washington Ave., Suite 2500
St. Louis, MO 63101
Telephone: (314) 444-1352
Facsimile: (314) 612-1352
Email: tberra@lewisrice.com
      epivin@lewisrice.com

Attorneys for Defendant
GRAYBAR ELECTRIC COMPANY, INC.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MOUNTAIN CLUB OWNER'S ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>GRAYBAR ELECTRIC COMPANY, INC.,<br><br>    Defendant | Case No.: 2:13-CV-01835-WBS-KJN<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER GRANTING GRAYBAR ELECTRIC COMPANY, INC. LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST GENERAL CABLE CORPORATION** |

COMES NOW, Plaintiff, The Mountain Club Owners Association ("Plaintiff"), and Defendant, Graybar Electric Company, Inc. ("Defendant" or "Graybar"), by and through their respective undersigned counsel, and stipulate as follows for an order granting Graybar leave to file its [Proposed] Third-Party Complaint against General Cable Corporation ("General Cable").

WHEREAS, this is a products-liability, manufacturing-defect case in which Plaintiff claims Graybar distributed an allegedly defective electric cable that, according to Plaintiff, caused a fire on its property.  (*See* Second Amend. Compl. (Doc. #: 40), at ¶¶ 8-11.)

WHEREAS, based on information recently learned through discovery, Graybar now seeks leave to implead General Cable Corporation ("General Cable"), the manufacturer of the subject cable, as a third-party defendant under the doctrine of equitable indemnity.  (*See* Graybar's [Proposed] Third-Party Complaint against General Cable Corporation, attached hereto as Exhibit A.)

WHEREAS, FEDERAL RULE OF CIVIL PROCEDURE 14(a)(1) provides that a defending party may, as a third-party plaintiff, implead a nonparty "who is or may be liable to [the defending party] for all or part of the plaintiff's claim against it."

WHEREAS, "the decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court" (*Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986)) and, in exercising such discretion, courts consider four factors:  "1) prejudice to the original plaintiff; 2) complication of issues at trial; 3) likelihood of trial delay; and 4) timeliness of the motion to implead."  *Paradise Nw. Inc. v. Randhawa*, No. 2:09CV02027 MCE DAD, 2010 WL 1487874, at *1 (E.D. Cal. Apr. 13, 2010).

WHEREAS, impleader of General Cable as a third-party defendant is proper under FED. R. CIV. P. 14(a) because General Cable's liability to Graybar under the doctrine of equitable indemnity is derivative of Graybar's alleged liability to Plaintiff.  *See American Motorcycle Assn. v. Superior Court*, 20 Cal. 3d 578, 582-84 (1978).

WHEREAS, in his November 24, 2014 Stipulation & Order, Magistrate Judge Newman, based on the parties' following stipulation, established February 27, 2015, as the deadline for joining nonparties:

> [I]t is agreed that, to allow the parties to continue their respective investigations and conduct additional discovery to identify the manufacturer of the electric

1 cable, the deadline for joining parties and amending the pleadings be continued to

2 February 27, 2015

3 (*See* Doc. #: 44, at 4.)

4 WHEREAS, Graybar, by the instant Stipulation and [Proposed] Order, timely seeks leave

5 to implead General Cable before the February 27, 2015 deadline.

6 WHEREAS, Plaintiff does not object to the impleader of General Cable and the parties

7 have not yet exchanged expert reports or conducted depositions.

8 WHEREAS, because Graybar's proposed claims against General Cable are based on

9 Plaintiff's allegations against Graybar (*compare* Pl.'s Second Amend. Compl. (Doc. #: 40) at ¶¶ 8-

10 20, *with* Graybar's [Proposed] Third-Party Compl. at ¶¶ 10-20), the impleader of General Cable

11 will not unduly complicate issues at trial or inject extraneous issues into the action.

12 NOW THEREFORE, Plaintiff and Graybar stipulate and respectfully request that the

13 Court enter an order granting Graybar leave to file the attached [Proposed] Third-Party Complaint

14 against General Cable Corporation.

16 Dated: January 30, 2015            STOEL RIVES LLP

By: /s/     Michael B. Brown
   MICHAEL B. BROWN
   Attorney for Defendant, GRAYBAR ELECTRIC
   COMPANY, INC.

Dated: January 30, 2015            FORAN GLENNON PALANDECH PONZI &
                                   RUDLOFF PC

By: /s/     Diana R. Lotfi (as approved via email on 01-30-15)
   DIANA R. LOTFI
   Attorney for Plaintiff, THE MOUNTAIN CLUB
   OWNER'S ASSOCIATION

## ORDER

1. **IT IS SO ORDERED THAT,** good cause having been show and on stipulation of the parties, the Court hereby grants Defendant Graybar Electric Company, Inc. leave to file its [Proposed] Third-Party Complaint against General Cable Corporation within ten (10) days from the date of this Order.

**Dated: February 2, 2015**

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE