KEITH E. BUTLER, ESQ. (SBN 200496)
DIANA R. LOTFI, ESQ. (SBN 252892)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
450 Newport Center Drive, Suite 630
Newport Beach, CA 92660
Telephone: (949) 791-1060
Facsimile: (949) 791-1070
Email: kbutler@fgppr.com
       dlotfi@fgppr.com

JAMES B. GLENNON, ESQ. (CA SBN 303134)
GEORGE D. PILJA, ESQ. (*Pro Hac Vice*)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 N. LaSalle, Suite 1400
Chicago, IL 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5099
Email: jglennon@fgppr.com
       gpilja@fgppr.com

Attorneys for Plaintiff THE MOUNTAIN CLUB OWNER'S ASSOCIATION

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MOUNTAIN CLUB OWNER'S ASSOCIATION,<br><br>    Plaintiff,<br><br>vs.<br><br>GRAYBAR ELECTRIC COMPANY, INC., and DOES 1-50,<br><br>    Defendants.<br><br>vs.<br><br>GENERAL CABLE CORPORATION,<br><br>    Third-Party Defendant. | Case No. 2:13-CV-01835-WBS-KJN<br><br>**AMENDED JOINT STIPULATION AND [~~PROPOSED~~] ORDER MODIFYING TRIAL DATE**<br><br>TRIAL DATE:  April 5, 2016<br>TIME:        9:30 p.m.<br>COURTROOM:   5 |

Counsel for Plaintiff MOUNTAIN CLUB OWNER'S ASSOCIATION ("Plaintiff") and counsel for Defendants GRAYBAR ELECTRIC COMPANY, INC. and GENERAL CABLE CORPORATION ("Defendants") hereby submit this Amended Joint Stipulation and [Proposed] Order Modifying Trial Date.  Plaintiff and Defendants (hereinafter collectively "Parties") hereby respectfully submit:

1. The current trial date is scheduled for April 5, 2016.
2. The Parties selected Mr. Jerry Spolter of JAMS to mediate the instant matter.
3. The earliest date that Mr. Spolter was available was March 22, 2016.  To that end, the mediation has been scheduled for March 22, 2016 at 10:00 a.m. in San Francisco, California.
4. At the pre-trial conference, the Court suggested – and the Parties agreed – to enter into discussions in an attempt to see whether a stipulation regarding damages could be reached.  As reflected in the Pre-Trial Order, the Plaintiff's seek approximately $6.3M and Defendants contend damages are closer to approximately $5M.  A stipulation on damages would significantly reduce the amount of time needed for trial.
5. The Parties are seeking the assistance of Mr. Spolter to help mediate a resolution to the entire case or, in the alternative, get the Parties to reach an agreement on damages.  The Parties are optimistic that, at a minimum, a stipulation regarding damages can be reached.
6. A stipulation on damages will alter how the case is to be presented to the jury. A resolution of the issues that pertain to damages impacts the preparation of exhibits to be introduced into evidence, the testimony of fact witnesses, the testimony (or need for) certain expert witnesses, and the jury instructions.
7. While the Parties previously discussed mediation, the completion of expert depositions in December 2015 as well as the Court's January 27, 2016 ruling on the recent summary judgment motion was needed to realistically provide the best possible chance to yield successful results at a mediation.

8. In early February 2016, the Parties exchanged ideas on who to retain as a mediator and possible mediation dates. There was some difficulty finding a mediator acceptable to both sides of this dispute as well as a date that would work for both law firms and the four (4) client representatives required to attend the mediation. Ultimately, the Parties agreed on Mr. Spolter of JAMS. However, the earliest availability that for Mr. Spolter, the Parties, and the representatives was March 22, 2016.

9. In an effort to narrow the trial preparations to focus on only those issues that may remain after the March 22, 2016 mediation, the Parties jointly request a short extension of the trial date to May 24, 2016.

10. The trial date shall be continued from April 5, 2016 until May 24, 2016 at 9:00 a.m.

**IT IS SO STIPULATED.**

Dated: February 24, 2016        FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

By: /s/ *James B. Glennon*
    JAMES B. GLENNON, ESQ.
    Attorney for Plaintiff, THE MOUNTAIN CLUB OWNER'S ASSOCIATION

Dated: February 24, 2016        HASSARD BONNINGTON LLP

By: /s/ *Philip S. Ward*
    PHILIPS S. WARD, ESQ.
    Attorney for Defendants GRAYBAR ELECTRIC COMPANY, INC. and Third-Party Defendant GENERAL CABLE CORPORATION

**IT IS SO ORDERED.**

Dated: February 24, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

## AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Foran Glennon Palandech Ponzi & Rudloff PC, whose business address is 450 Newport Center Drive, Suite 630, Newport Beach, California 92660 ("the firm").

On February 24, 2016, I served the within document(s) described as: **AMENDED JOINT STIPULATION AND [PROPOSED] ORDER MODIFYING TRIAL DATE** on the interested parties in this action by placing true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

**BY MAIL** (Code Civ. Proc. §§ 1013a(3))–I deposited such envelope(s) for processing in the mailroom in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**BY FAX** (Code Civ. Proc. § 1013(a), (e); Cal. Rules of Court, Rule 2.306)–By transmitting said document(s) by electronic facsimile at approximately       .m. at 450 Newport Center Drive, Suite 630, California 92660, to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list. The facsimile machine I used complied with California Rules of Court, Rule 2.301, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2.306, I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

**BY E-MAIL OR ELECTRONIC TRANSMISSION** (Code Civ. Proc. § 1010.6(a)(6))–Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

● **BY ELECTRONICALLY** serving the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients listed below on the attached service list, and designated on the electric service list that is located on the Pacer website.

● **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 24, 2016, at Newport Beach, California.

*Celia Camacho*
_____
CELIA M. CAMACHO

## SERVICE LIST

| | |
|---|---|
| Philip S. Ward, Esq.<br>Joanna L. Storey, Esq.<br>HASSARD BONNINGTON LLP<br>275 Battery Street, Suite 1600<br>San Francisco, CA  94111<br><br>Telephone: (415) 288-9800<br>Facsimile: (415) 288-9801<br>Email: psw@hassard.com<br>        jls@hassard.com | Attorneys for Defendant/Third-Party Plaintiff GRAYBAR ELECTRIC COMPANY, INC. and Third-Party Defendant GENERAL CABLE CORPORATION |